**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**OREN SUESS and TYLER SUESS,**
Individually, and on behalf of all others
similarly situated who consent to their
inclusion in a collective action

      **Plaintiffs,**

v.           **Case No: 5:14-cv-227-Oc-22PRL**

**LEOPARD TRANSPORT, INC.,
THOMAS WILDING and JASON
WILDING**

      **Defendants.**

**REPORT AND RECOMMENDATION**[1]

Before the Court are documents submitted by the parties in relation to their negotiated settlement of this action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). (Doc. 19). In a FLSA case, the Court must make a finding that the settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over the Act′s provisions" after "scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); *see also Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The District Judge referred this matter to me for the preparation of a report and recommendation. (Doc. 20).

In the Complaint, Plaintiffs seek overtime compensation allegedly due to him, liquidated

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

damages, attorneys' fees, and pre-judgment interest. (Doc. 1 at 11-12). Although Defendants deny Plaintiff's allegations (Doc. 7), the parties negotiated a settlement "to avoid litigation and settle and resolve the controversy between them amicably and expeditiously." (Doc. 19-1 at 1). The parties agree that the settlement terms are fair, reasonable, and adequate and request that the Court find the same.

Plaintiff Oren Suess alleges that he is owed overtime in the amount of $2,178.00 and Plaintiff Tyler Suess alleges that he is owed overtime in the amount of $2,709.00. (Doc. 19 at ¶¶1-2). Pursuant to the terms of the Settlement Agreement (Doc. 19-1), Plaintiff Oren Suess will receive $2,178.00 for alleged wages and Plaintiff Tyler Suess will receive $2,709.00 for alleged wages. Plaintiffs, however, will not receive liquidated damages to which they would have been entitled under the FLSA. In addition, Plaintiff's counsel, Feldman Morgado, P.A. will receive $8,000.00 in attorney's fees and costs, which the parties agree was negotiated separately from the underlying claims and is fair and reasonable. In exchange for these payments, Plaintiffs agree to release Defendants from all wage claims.

Having reviewed the proposed settlement agreement (Doc. 19-1), the Court finds that the proposed settlement is a fair and reasonable compromise of a bona fide dispute between parties represented by competent counsel. *Lynn's Food Stores, Inc.,* 679 F.2d at 1354-55. The parties were represented by experienced counsel who vigorously represented their clients' interests. Defendants raised several defenses to Plaintiffs claims including whether Plaintiffs worked more hours than reported; thus, it is not certain that Plaintiffs would have prevailed on their claims in their entirety. Moreover, the parties agree that they had reached a stage in the case where they had sufficient information to allow them to make an informed analysis of the claims. The parties agree that the settlement is a "reasonable means for both parties to minimize future risks and

litigation costs." (Doc. 19 at 3). This sufficiently supports the Plaintiffs' decision to accept less than the full amount to which they would have been entitled under the FLSA.

The Court further finds that the agreed-upon fee and costs to be paid to Plaintiffs' counsel was determined independently, did not affect the payment to Plaintiffs, and otherwise appears to be reasonable. *Bonetti v. Embarq Mgmt. Co.,* 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009). Therefore, the Court need not separately consider the reasonableness of the fee to be paid to Plaintiffs' counsel.

Accordingly, I submit that the parties' Joint Motion for Approval of Proposed FLSA Settlement and Dismissal with Prejudice (Doc. 19) should be **GRANTED;** the FLSA/Wage Settlement Agreement (Doc. 19-1) should be **APPROVED**; and the case should be **DISMISSED** with prejudice.

Recommended in Ocala, Florida on July 18, 2014.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy